# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of<br>the Personal Restraint of<br><br>BENJAMIN A. REYES,<br><br>                        Petitioner. | No.  53689-7-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Benjamin Reyes seeks relief from personal restraint resulting from his 2004 conviction of two counts of first degree robbery.[1]  The conviction arose from an incident in which Reyes entered a small convenience store, pointed a shotgun at the two store clerks, and demanded money from the store's only cash register.  Reyes was convicted separately of robbing each clerk.

Reyes argues that under *State v. Tvedt*, 153 Wn.2d 705, 715-16, 107 P.3d 728 (2005), he can be convicted of only one count of first degree robbery because there was only one taking of property even though there were two employees present.  In *Tvedt*, the court stated, "If there is one taking of property, as the taking of the business's receipts from a single business safe or a single cash register, there can be a conviction for robbery on only one count, regardless of the number of

---

[1] Because the State concedes that Reyes's convictions for both count I and count II violate double jeopardy, his petition is exempt from RCW 10.73.090's time bar under RCW 10.73.100(3).

employees present who have authority over the property, because there has been only one taking."

*Id.*

The State concedes that Reyes is correct. We accept the State's concession. Under *Tvedt*, Reyes could be convicted of only a single count of first degree robbery, not two counts.

We grant Reyes's petition and remand to the trial court to vacate count II from his judgment and sentence. Because Reyes has served his sentence for these convictions and because count I and count II were treated as parts of the same criminal conduct in a subsequent judgment and sentence, no other action by the trial court is required.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

WORSWICK, J.

MELNICK, J.